Manuel Jesus **LOPEZ–ISLAVA**, aka **Manuel Jesus Islava–Lopaz**, aka **Manuel De Jesus Lopez**, aka **Manuel DeJesus Lopez Islava**, Petitioner,

v.

**Loretta E. LYNCH, Attorney General, Respondent.**

No. 14–71920.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Barrington D. Parker, Jr., Senior Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 20, 2015.*

Filed Jan. 12, 2016.

John Martin Pope, Benjamin Wiesinger, Pope & Associates, PC, Phoenix, AZ, for Petitioner.

Colin J. Tucker, Trial, U.S. Department of Justice, Oil, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: W. FLETCHER, RAWLINSON, and PARKER,** Circuit Judges.

MEMORANDUM ***

Petitioner Manuel Jesus Lopez–Islava (Lopez–Islava) petitions for review of a decision of the Board of Immigration Appeals (BIA) determining that Lopez–Islava's conviction for residential burglary under Arizona Revised Statute § 131507 was an aggravated felony within the meaning of 8 U.S.C. § 1101(a)(43)(F). Specifically, the BIA determined that Lopez–Islava's burglary offense constituted a crime of violence under 18 U.S.C. § 16(b).[1]

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. 18 U.S.C. § 16(b) defines a crime of violence as a felony offense "that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

However, we conclude that our recent decision in *Dimaya v. Lynch*, 803 F.3d 1110 (9th Cir.2015), controls the outcome of this case. In *Dimaya*, we adhered to the rationale articulated in *Johnson v. United States*, —— U.S. ——, 135 S.Ct. 2551, 2558, 192 L.Ed.2d 569 (2015), where the Court held that the residual clause defining a violent felony under the Armed Career Criminal Act of 1984 was unconstitutionally vague. We held that the similar "residual clause definition of a violent felony [under 18 U.S.C. § 16(b) ] is unconstitutionally vague...." *Dimaya*, 803 F.3d at 1111 (internal quotation marks omitted). We are bound by this precedent, which does not support the BIA's determination.

The petition for review is **GRANTED** and we **REMAND** to the BIA for further proceedings consistent with this disposition.

---

\* The Honorable Barrington D. Parker, Jr., Senior Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.